**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE FISHER,

     Petitioner,             Civil No. 04-CV-70861-DT
                               HONORABLE GERALD E. ROSEN
v.                           UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

     Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

     George Fisher,("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of armed robbery, M.C.L. § 750.529; and being a fourth felony habitual offender, M.C.L. § 769.12. For the reasons stated below, petitioner's application for a writ of habeas corpus is **DENIED.** The Court will also deny petitioner a certificate of appealability and leave to appeal *in forma pauperis*.

### I. Background

     Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion

1

affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> "Defendant's conviction arises out [of] the robbery of a supermarket, during which defendant displayed a gun to the cashier and asked her to open the till. At trial, defendant did not dispute that the incident occurred, but asserted that he lacked the capacity to form the specific intent necessary to be convicted of the crime."

*People v. Fisher,* 199560, * 1 (Mich.Ct.App. September 11, 1998).

Petitioner's conviction was affirmed on direct appeal. *Id., lv. den.* 460 Mich. 860; 598 N.W. 2d 342 (1999). Petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Fisher*, 95-53137-FC (Genesee County Circuit Court, March 15, 2002). The Michigan appellate courts denied petitioner leave to appeal pursuant to M.C.R. 6.508(D). *People v. Fisher*, 247264 (Mich.Ct.App. June 9, 2003); *lv. den.* 469 Mich. 971; 671 N.W. 2d 879 (2003). Additional facts will be discussed when addressing petitioner's claims.

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court's denial of petitioner's request for fees for an expert witness deprived him of timely and adequate support for his diminished capacity defense and accordingly violated his due process

2

right to present a defense and his right to equal
protection under the state and federal constitution.

II.  The trial court's denial of petitioner's request
for fees for expert assistance deprived petitioner of
his state and federal constitutional right to the
effective assistance of counsel.

III.  The trial court's instructions to the jury
regarding petitioner's claim of diminished capacity
were confusing and misleading and failed to present
the issue fairly and adequately to the jury, denying
petitioner his state and federal constitutional
rights to trial by jury and due process of law.  U.S.
Const. Amends V, VI, XIV; Mich. Const. 1963, Art.
1, §§ 17, 20.

IV.  Petitioner was denied effective assistance of
counsel when his attorney failed to call a Dr. Aillis
as an expert witness for petitioner's motion to
suppress his statement to police, when an evidentiary
hearing on the motion had been repeatedly adjourned
for that very purpose.

V.  The trial court committed error by inadvertently
including a reference to mental retardation when it
gave preliminary instructions to the jury on the
insanity/diminished capacity defense.

VI.  The trial court erred in denying petitioner's
motion to suppress his statement to police where it
was clear in the testimony that he did not
voluntarily waive his rights prior to giving his
statement.

VII.  Petitioner was entitled to post-conviction
relief under M.C.R. 6.508(D), Et. Seq., [Ineffective
assistance of appellate counsel constitutes "cause"].

## II.  Standard of Review

An application for a writ of habeas corpus on

3

behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
with respect to any claim that was adjudicated
on the merits in State court proceedings
unless the adjudication of the claim—
(1) resulted in a decision that was contrary
to, or involved an unreasonable
application of, clearly established
Federal law, as determined by the Supreme
Court of the United States; or
(2) resulted in a decision that was based on
an unreasonable determination of the
facts in light of the evidence presented
in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

**A. The procedural default issue.**

4

As an initial matter, respondent contends that petitioner's fourth, fifth, and sixth claims are procedurally defaulted, because petitioner raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

In this case, petitioner argues as part of his seventh claim that his appellate counsel was ineffective for failing to raise his claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier for this Court to simply consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

**B.  Claims # 1 and # 2.  Petitioner is not entitled to**

**habeas relief on his claims that the trial court violated his due process right to present a defense and to the effective assistance of counsel by denying his request to appoint an expert witness at public expense to support his diminished capacity defense.**

The Court will consolidate petitioner's first two claims because they are interrelated. Petitioner claims that his due process right to present a defense and his right to the effective assistance of counsel were violated when the trial court denied his request to appoint a psychiatric expert at public defense to support petitioner's diminished capacity defense.

In *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985), the U.S. Supreme Court held that when an indigent defendant demonstrates to a trial judge that his or her sanity at the time of the commission of the offense is to be a significant factor at trial, the state must assure a criminal defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in the evaluation, preparation, and presentation of the defense.

Petitioner is not entitled to habeas relief on his first two claims for several reasons. *Ake* requires the appointment of a psychiatric expert at public expense when a criminal defendant's sanity is at issue. In the present case,

6

petitioner merely raised a diminished capacity defense and did not put his sanity into issue at trial. An indigent defendant who raises a diminished capacity defense in a state court prosecution is not entitled to a state-funded psychiatrist to assist him at trial, because such a defense does not raise a question as to the defendant's sanity. *See Kordenbrock v. Scroggy,* 919 F. 2d 1091, 1120 (6th Cir. 1990)(*En banc* opinion of Kennedy, J., with five Judges concurring and one Judge concurring in result).

Secondly, as respondent indicates in her answer, at the time of petitioner's trial, the defense of diminished capacity was no longer available as a defense in Michigan. In 1994, the Michigan legislature enacted M.C.L.§ 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has subsequently held that this statute abolished the diminished capacity defense in Michigan, and that the insanity defense, as established by the Michigan Legislature in § 768.21a, was the sole standard for determining criminal responsibility as it relates to mental illness or retardation. *See People v. Carpenter,* 464 Mich. 223, 241; 627 N.W. 2d 276 (2001).

In *Wong v. Money,* 142 F. 3d 313, 323-26 (6th Cir. 1998),

the Sixth Circuit rejected the habeas petitioner's claim that her rights under the Sixth and Fourteenth Amendments had been violated when the state trial court prevented petitioner from presenting expert psychiatric testimony on the issue of diminished capacity, in light of the fact that the State of Ohio did not recognize the defense of diminished capacity.

In the present case, in light of the fact that the defense of diminished capacity was no longer a valid defense in Michigan at the time of petitioner's trial, petitioner cannot establish that his Sixth or Fourteenth Amendment rights were violated by the trial court's failure to appoint a psychiatric expert at public expense to assist him with this defense.

Most importantly, after the trial court denied petitioner funds at court expense to hire an expert witness, petitioner's family hired the very expert that petitioner had sought to have appointed at court expense, Dr. James Thomas Aillis, to evaluate petitioner concerning his diminished capacity defense.   Dr. Aillis testified at petitioner's trial that petitioner lacked the mental capacity to form the intent to commit the armed robbery, due to post-traumatic stress syndrome that petitioner had suffered from his miliary service

in Vietnam, as well as petitioner's extensive history of substance abuse.

A state trial court's denial of a court-appointed independent expert psychiatrist to assist an indigent defendant as guaranteed under *Ake* is subject to harmless error review. *See Powell v. Collins,* 332 F. 3d 376, 393 (6th Cir. 2003). In this case, petitioner was not prejudiced by the trial court's refusal to provide a state-funded psychiatric expert, in light of the fact that petitioner, without state funds, obtained a psychiatric expert whose testimony the jury heard on the issue of diminished capacity. *See State v. Mason,* 82 Ohio St. 3d 144, 151; 694 N.E. 2d 932 (Ohio 1998). As the Eighth Circuit has noted: "[A] court is not required to appoint a psychiatrist for someone whose defense already has the wherewithal to pay for an appropriate psychiatric examination." *See Boliek v. Bowersox,* 96 F. 3d 1070, 1074 (8th Cir. 1996).

Petitioner, however, claims that the trial court's failure to approve his request to have Dr. Aillis paid at public expense prejudiced him, because his family was only able to retain Dr. Aillis just before trial, which caused Dr. Ailles to have only limited time to evaluate petitioner for

trial.  Petitioner contends that had the trial court earlier
approved his request to have Dr. Aillis paid for at public
expense, Dr. Aillis could have had more time to prepare and
would have been able to present a more effective diminished
capacity defense on petitioner's part.  Petitioner, however,
has provided no evidence to establish that his mental
condition was so incapacitated that a diminished capacity
defense would have been successful had Dr. Aillis been given
more time to evaluate petitioner.  In this case, petitioner
has failed to show how the the trial court's refusal to
appoint Dr. Aillis at court expense caused any substantial
prejudice to his case, because his argument as to what Dr.
Aillis might have said had he been appointed by the court at
an earlier time is entirely speculative.  *See Moore v.
Reynolds,* 153 F. 3d 1086, 1112 (10th Cir. 1998).  Petitioner
is therefore not entitled to habeas relief on his first and
second claims.

**C.  Claims # 3 and # 5.  Petitioner was not denied a fair
trial because of the trial court's jury instructions on
diminished capacity.**

The Court will consolidate petitioner's third and fifth
claims because they are interrelated.  In his third claim,
petitioner contends that the trial court's final instruction

10

on the defense of diminished capacity was confusing, because the trial court "blended" the instruction on diminished capacity with the definition of mental illness as part of its instruction on the verdict of guilty but mentally ill. Petitioner further contends that it was improper for the jury to have been instructed on the verdict of guilty but mentally ill, because petitioner was not asserting an insanity defense at trial.  In his third claim, and again in his fifth claim, petitioner contends that the trial court compounded its error by inadvertently referring to mental retardation when it gave the jury a definition of insanity and diminished capacity in a preliminary instruction at the beginning of trial. Petitioner claims that it was misleading to give such an instruction, because there was no allegation in this case that petitioner was mentally retarded.

The Michigan Court of Appeals rejected petitioner's third claim by noting that any error caused by the blending of the issues of mental illness and diminished capacity were cured where the trial court re-read the diminished capacity instruction to the jury and explained that diminished capacity was a distinct defense which required the jurors to determine whether petitioner had the mental capability to form the

specific intent to commit the robbery. *People v. Fisher,* Slip. Op. at * 2.  The Michigan Court of Appeals further ruled that under Michigan law, it was proper to instruct the jury on the verdict of guilty but mentally ill, in conjunction with a defense of diminished capacity. *Id.* (Citing *People v. Mangiapane,* 85 Mich. App. 379, 395; 271 N.W. 2d 240 (1978)).

In rejecting petitioner's fifth claim, the post-conviction court noted that no mention of mental retardation was made in the final instruction to the jury regarding the defense of diminished capacity. (Tr., March 15, 2002, p. 12).

In order for habeas relief to be warranted on the basis of incorrect jury instructions given in a criminal trial in state court, a petitioner must show more than the instructions are undesirable, erroneous or universally condemned; taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Jones v. Smith,* 244 F. Supp. 2d 801, 816 (E.D. Mich. 2003). The challenged instruction may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial court record. *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).  Any allegation of trial error raised by a habeas petitioner in a

12

challenge to jury instructions is reviewed for harmless error by determining whether the jury instructions had a substantial and injurious effect or influence on the verdict. *Jones,* 244 F. Supp. 2d at 816. Moreover, in a federal habeas case, the question for the reviewing court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. at 72 (*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

The Court first notes that petitioner is not entitled to habeas relief on his claim that the trial court erroneously instructed the jury on a verdict of guilty but mentally ill, because the Michigan Court of Appeals determined that it was proper under Michigan law for the jury to be given this instruction. State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). Because the Michigan Court of Appeals found that the it was proper under Michigan law for the trial court to give this instruction, this Court must defer to that determination and cannot question it. *Seymour v. Walker*, 224 F. 3d at 558.

With respect to the remainder of petitioner's third claim, the Court notes that right after the jury had been instructed, the prosecutor and defense counsel informed the trial court judge that he had not given the jurors a clear

13

instruction on diminished capacity.  In response, the trial court judge called the jury back into court and gave them the correct instruction on the defense of diminished capacity.  In this case, any error in blending the definition of mental illness, for purposes of a guilty but mentally ill verdict, with a definition of diminished capacity, was quickly corrected when the trial court gave the jury an accurate instruction on the defense of diminished capacity. *See e.g. United States v. Faymore,* 736 F. 2d 328, 333-34 (6th Cir. 1984); *See also United States v. Davis,* 663 F. 2d 824, 833 (9th Cir. 1981)(district judge did not commit reversible error in denying motion for mistrial based upon the reading of a disapproved jury instruction as to intent, where the district court promptly instructed the jury to disregard the incorrect instruction, and reinstructed the jury properly and, thus, any error was appropriately cured).  Given the fact that the original, imperfect instruction on diminished capacity was largely remedied by the trial court's supplemental charge which gave the correct instruction on this defense to the jury, it is highly unlikely that the original instruction had a substantial or injurious effect or influence on the jury so as to warrant habeas relief. *See Sanna v. Dipaolo,* 265 F. 3d 1, 15 (1st Cir. 2001).

14

Finally, petitioner is unable to show that he was prejudiced by the trial court's mention of mental retardation during his preliminary instructions to the jury, in light of the fact that the final instructions to the jury did not make any mention of mental retardation. General orientation at the beginning of a trial should be cautiously worded, but it will not require reversal unless it produces prejudice or misleads the jury in a material way. *People of the Territory of Guam v. Ignacio*, 852 F. 2d 459, 461 (9th Cir. 1988)(holding that the giving of an erroneous instruction on burden of proof was not prejudicial where the erroneous instruction was given in preliminary instructions and was corrected with the use of a correct instruction before the jury began its deliberations). Because the final instruction concerning diminished capacity made no mention of mental retardation, petitioner was not prejudiced by the trial court's mention of mental retardation in the preliminary instructions to the jury. Petitioner is not entitled to habeas relief on his third or fifth claims.

**D. Claims # 4 and # 6. Petitioner is not entitled to habeas relief on his claim that counsel was ineffective for failure to call Dr. Aillis as an expert witness at the evidentiary hearing on petitioner's motion to suppress his statement to the police and his claim that the trial court erred in failing to suppress his statement.**

The Court will consolidate petitioner's fourth and sixth claims because they are interrelated. Petitioner essentially contends that he was unable to knowingly waive his *Miranda*

15

rights, because of his substance abuse history and his post-traumatic stress syndrome disorder caused by his military service in Vietnam.  In his fourth claim, petitioner contends that trial counsel was ineffective for failing to call Dr. Aillis to testify at the suppression hearing concerning petitioner's inability to knowingly waive his right against self-incrimination.  Petitioner contends in his sixth claim that even without any testimony from Dr. Aillis, petitioner's own testimony at the suppression hearing established that he was incapable of knowingly waiving his *Miranda* rights. Therefore, the trial court erred in failing to suppress his statement to the police.

In rejecting these claims on post-conviction review, the state post-conviction court noted that in his first statement to the police, petitioner told the police that he "never really pointed it [the BB gun recovered from petitioner after the robbery] at anybody anyway."  In his second statement, petitioner informed the police that he had a longstanding drug addiction and post-traumatic stress syndrome stemming from his military service in Vietnam.  The post-conviction court noted that petitioner's statements to the police were "basically the cornerstone of the defense presented at trial" that petitioner was unable to form the intent to commit an armed robbery because of diminished capacity and further noted that

16

petitioner's statement that he did not point the gun at anyone was exculpatory and consistent with the defense theory that petitioner may have committed a larceny, but not a robbery. (Tr., 03/15/2002, pp. 7-8, 10).

Taking petitioner's sixth claim first, assuming that the trial court erred in admitting petitioner's statement into evidence, this would not entitle him to habeas relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). In this case, petitioner's statements to the police, even if involuntary, were harmless in view of the fact that the contents of the statements were substantially identical to petitioner's testimony at trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 761 (E.D. Mich. 2005). Moreover, any violation of petitioner's *Miranda* rights was harmless, in light of the fact that petitioner's statements to the police were not directly inconsistent with his diminished capacity defense. *See Pope v. Zenon,* 69 F. 3d 1018, 1025 (9th Cir. 1995). In light of the fact that the overall effect of petitioner's statements to the police was highly exculpatory, the admission of his

17

statements, even if taken in violation of petitioner's Fifth Amendment right to counsel, was harmless error at best. *See e.g. Parker v. Singletary,* 974 F. 2d 1562, 1576-77 (11th Cir. 1992). Petitioner is not entitled to habeas relief on his sixth claim.

The Court will likewise reject petitioner's fourth claim involving counsel's alleged ineffectiveness in failing to call Dr. Aillis at the suppression hearing. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id*. "[T]he prejudice question, for purposes of an ineffective assistance of counsel claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp. 2d 700, 711 (E.D. Mich. 2004)(internal quotation omitted). In light of the fact that the admission of petitioner's statements to the police was harmless error at best, petitioner is unable to establish that he was prejudiced by counsel's failure to obtain suppression of his statements

18

to the police.  Petitioner is therefore not entitled to habeas relief on his sixth claim.

**E.   Claim # 7.   Petitioner is not entitled to habeas relief on his claim that the state courts failed to grant him post-conviction relief.**

In his final claim, petitioner contends that the state trial and appellate courts erroneously denied him post-conviction relief on his motion for relief from judgment.

A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001).  The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)).  Any error by the Michigan courts in the application of Michigan's post-conviction statute is an error of state law that would not be cognizable in federal habeas review. *See Simpson v. Jones,* 238 F. 3d 399, 406-407 (6th Cir. 2000).  Petitioner is therefore not entitled to habeas relief on his final claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. §

19

2253(c)(2).   To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6ᵗʰ Cir. 2002).   Therefore, a district court has the power to deny a certificate of appealability *sua sponte. Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to the claims.   The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v.*

*Stovall,* 156 F. Supp. 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED.**


                              **s/Gerald E. Rosen**
                              **Gerald E. Rosen**
                              **United States District Judge**



**Dated:  May 3, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 3, 2005, by electronic and/or ordinary mail.**

                              **s/LaShawn R. Saulsberry**
                              **Case Manager**


21